UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  CECIL DAUGHTREY, JR.
and PATRICIA A. DAUGHTREY

_____

CECIL  DAUGHTREY,  JR.  and
PATRICIA A. DAUGHTREY,

     Appellants,

v.                              Case No: 2:15-cv-29-FtM-29
                           Bankr. Case No: 9:13-bk-14831-FMD


LUIS E. RIVERA, II,

     Appellee.

_____

CECIL  DAUGHTREY,  JR.  and
PATRICIA A. DAUGHTREY,

     Appellants,

v.                              Case No: 2:15-cv-35-FtM-29

LUIS E. RIVERA, II,

     Appellee.

_____


**OPINION AND ORDER**

This  matter  comes  before  the  Court  on  appellee's  Motion  to
Dismiss  Appeal,  or  Alternatively,  Motion  for  Clarification  of
Order Granting Motion to Allow Appellants to Supplement the Record
on  Appeal  and  File  Statement  of  Issues  in  the  Lower  Court  (Doc.

#13)[1] filed on March 2, 2015.  Appellants filed an Opposition (Doc. #14) on March 17, 2014.

## I.    Procedural History

On December 8, 2014, appellants filed an Amended Notice of Appeal and Notice of Appeal in the United States Bankruptcy Court, Tampa Division.  On December 12, 2014, two letters/memoranda were filed notifying counsel for appellants of the following:

> When filing the "Designation of Record", as required by Fed. R. Bank. P. 8006, please indicate by document number the items to be included in the record to the district court. However, it will not be necessary to provide a copy of the items designated, unless otherwise directed to do so by separate notice. The Clerk's office will be transmitting the record on appeal electronically.
>
> If you intend to designate a transcript, a Purchase Order for Transcript is available on the court's web site at www.flmb.uscourts.gov. Go to Forms and click on Purchase Order for Transcript. When ordering the transcript please complete all of the items on the purchase order form and **mail** the form to the appropriate Court Reporter and or Court Reporter Service.

(9:13-bk-14831-FMD, Doc. #124, Doc. #125)(emphasis in original).

Appellants failed to act on the notices.  On December 29, 2014, the Bankruptcy Court filed a Transmittal of Record to District Court (Doc. #1) consisting of the Notice of Appeal (Doc. #1-1)

---

[1] Unless otherwise indicated, all references are to the documents in 2:15-cv-29-FTM-29.

from a October 7, 2014 Order Granting Chapter 7 Trustee's Amended Motion and Notice of Proposed Compromise of Controversy Between Trustee and 72 Partners, LLC (Doc. #1-1, pp. 2-8), and a Transmittal (2:15-cv-35-FTM-29, Doc. #1) of an Amended Notice of Appeal (Id., Doc. #1-1) from two Orders: (1) The October 3, 2014 Order Denying Debtors' Motion to Convert to a Case Under Chapter 11; and (2) The November 18, 2014 Order Denying Debtors' Motion for Reconsideration of Order Denying Debtors' Motion to Convert to a Case Under Chapter 11.  (Id., Doc. #1-1, pp. 2-3.)

The Transmittals did not contain any designations or documents, as no designations or statement were filed.  On the same day as the transmittal, appellants filed their Designation of Items (9:13-bk-14831-FMD, Doc. #130) for both appeals in the Bankruptcy Court but no statement of issues.  Upon assignment of an appellate case number, on December 30, 2014, the Tampa Division issued a standard Notice of Filing Bankruptcy Appeal in the District Court (Doc. #2) directing the parties to comply with Rule 8009 of the Federal Rules of Bankruptcy Procedure for the filing of briefs.

On January 6, 2015, the Bankruptcy Court issued an Order Striking Appellant's Designation of Items to be Included in Record on Appeal (9:13-bk-14831-FMD, Doc. #131) as untimely filed but without prejudice to seeking permission from the District Court to supplement the records on appeal.  The Bankruptcy Court also noted

that no statement of issues had been filed.  On January 16, 2015, the case was transferred to the Fort Myers Division, and the undersigned subsequently granted consolidation of the two related appeals.  (Doc. #9.)  Appellants took no further action to file an initial brief, or to seek an extension of time to file the initial brief.

On February 27, 2015, the undersigned considered appellants' Motion to Allow Appellants to Supplement the Record on Appeal and File Statement of Issues in the Lower Court (Doc. #10), and granted the motion.  On March 2, 2015, appellants filed a Designation and Statement of Issues on Appeal, and on March 5, 2015, appellants filed a Corrected Designation and Corrected Statement of Issues in the Bankruptcy Court.  On March 16, 2015, the transcripts were also filed.

## II.  Motion to Dismiss, or for Clarification

Appellee seeks to dismiss the consolidated appeal pursuant to Bankruptcy Rule 8018(a)(4) for appellants' failure to file an initial brief or to seek an extension of time to do so.  Appellee also notes appellants' failure to adhere to other deadlines, including the ordering of transcripts.  In the alternative, appellee seeks clarification with regard to appellants' duties to order transcripts or certify that none will be ordered, to file their statement of issues, and to file an initial brief after the Bankruptcy Court re-transmits the record designations.

> If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal--or the district court or BAP, after notice, may dismiss the appeal on its own motion. An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission.

Fed. R. Bankr. P. 8018(a)(4).  Failure to timely file briefs is "a non-jurisdictional defect in the prosecution of [an] appeal, and such defect does not require dismissal in every case." In re Beverly Mfg. Corp., 778 F.2d 666, 667 (11th Cir. 1985)(citations omitted)(alteration in original).  The Eleventh Circuit has adopted a bad faith, negligence or indifference standard of review. Id.

Appellants filed a timely Notice of Appeal, and thereafter attempted to file an untimely designation.  After obtaining leave of this Court, appellants filed their designation and statement with the Bankruptcy Court, and appellants state that the necessary transcripts were docketed by March 16, 2015.[2]  The Court finds that appellants did not act in bad faith and were not negligent or indifferent to the requirements in perfecting the appeal.

As to the initial brief, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the

---

[2] As the transcripts, designations, and statements of the issues have now been filed, appellee's request for clarification as to these matters is now moot.  (Doc. #13, ¶¶ 9-10.)

record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Appellants argue that the initial briefs are not yet due as no record existed to transmit at the time of the docketing of the appeal. Although the record was sparse due to counsel's failure to timely designate any items, the Notices of Appeal and Orders appealed were transmitted and the Court issued a Notice with regard to appellants' obligations to file a timely brief. Nevertheless, the Court will allow the appeal to proceed now that all other deficiencies have been cured and all that remains is for the Bankruptcy Court to transmit the supplemented record. At appellee's suggestion, the Court will shorten the briefing deadlines so as not to further delay the appeal. No extensions of time will be granted to appellants.

Accordingly, it is hereby

**ORDERED:**

1. Appellee's Motion to Dismiss Appeal, or Alternatively, Motion for Clarification of Order Granting Motion to Allow Appellants to Supplement the Record on Appeal and File Statement of Issues in the Lower Court (Doc. #13) is **DENIED IN PART, MOOT IN PART, AND GRANTED IN PART.** The motion to dismiss is denied, and the alternative relief for clarification is granted to the extent clarified herein and otherwise moot.

2. Appellants shall file their initial brief within **fourteen (14) days** of the second transmittal of the record on appeal.   Appellee shall file a responsive brief within **thirty (30) days** after service of appellants' initial brief.

**DONE and ORDERED** at Fort Myers, Florida, this   19th   day of March, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Clerk, Bankr. Ct.