UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  CECIL DAUGHTREY, JR.
and PATRICIA A. DAUGHTREY

_____

CECIL   DAUGHTREY,   JR.   and
PATRICIA A. DAUGHTREY,

       Appellants,

v.                                          Case No: 2:15-cv-29-FtM-29
                                            Bankr. No. 8:13-bk-14831-FMD


LUIS E. RIVERA, II,

       Appellee.

_____

CECIL   DAUGHTREY,   JR.   and
PATRICIA A. DAUGHTREY,

       Appellants,

v.                                          Case No: 2:15-cv-35-FtM-29
                                            Bankr. No. 8:13-bk-14831-FMD


LUIS E. RIVERA, II,

       Appellee.

_____


**OPINION AND ORDER**

This matter comes before the Court on the consolidated[1] appeal

by debtors Cecil Daughtrey, Jr. and Patricia A. Daughtrey from the

following orders issued by the Bankruptcy Court:  (1)  the October

_____

[1] The appeals were consolidated on January 29, 2015.  (Doc.
#9.)  The Court will refer to documents filed in the lead case,
Case No. 2:15-cv-29-FTM-29, only.

3, 2014 Order Denying Debtors' Motion to Convert to a Case Under Chapter 11; (2) the October 7, 2014 Order Granting Chapter 7 Trustee's Amended Motion and Notice of Proposed Compromise of Controversy Between Trustee and 72 Partners, LLC; (3) the November 18, 2014 Order Denying Debtors' Motion for Reconsideration of Order Denying Debtors' Motion to Convert to a Case Under Chapter 11; and (4) the November 18, 2014 Order Denying Joseph Gilberti & Land Tech Design Group, Inc.'s Motion for Reconsideration of Order Granting Motion and Notice of Compromise of Controversy Between Trustee and 72 Partners, LLC.[2]   Debtors-Appellants filed an Initial Brief (Doc. #18) and the U.S. Trustee-Appellee filed an Answer Brief (Doc. #19).   No reply brief was filed, and the appeal is ripe for review.

## I.   *Standard of Review*

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. 28 U.S.C. § 158(a); In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994).   The legal conclusions of the bankruptcy court are reviewed *de novo*, while findings of fact are reviewed for clear error.   In re Globe Mfg. Corp., 567 F.3d 1291, 1296

---

[2] The Court will hereinafter cite documents filed with the District Court as "Doc.", and documents filed in the Bankruptcy case as "Bankr. Doc.".   Copies of the relevant documents were included in the record transmitted by the Bankruptcy Court on March 30, 2015, or are otherwise available through PACER and judicially noticed.

(11th Cir. 2009).   A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." Crawford v. W. Electric Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008).   Where a matter is committed to the discretion of the bankruptcy court, the district court must affirm unless it finds that the bankruptcy court abused its discretion. Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1238 (11th Cir. 2006).   A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, makes findings of fact that are clearly erroneous, or applies the law in an unreasonable or incorrect manner. Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 77 (11th Cir. 2013).   "The abuse of discretion standard allows a range of choices for the [bankruptcy] court, so long as any choice made by the court does not constitute a clear error of judgment." Id. (citation omitted).

## II. *Background*

On November 7, 2013, Cecil Daughtrey Jr. and Patricia A. Daughtrey jointly filed a Voluntary Petition seeking Chapter 7 protection under the Bankruptcy Code.   Schedule A and C list debtors' 2500 acre ranch, a residential/commercial homesteaded

property, as having a current value of $70 million.  (Doc. #17-8, pp. 8, 12.)  Schedule B identifies a partnership or joint venture with Gilberti Water Company and LandTech Design Engineering Group – Florida valued at $5,125,000; water and mineral rights in the property valued at $50 million; and pending litigation in Sarasota worth $15 million.  (Id., p. 9.)  Creditors 72 Partners, LLC and Gilberti Water Company are the only identified secured claims. (Id., p. 13.)  Creditor 72 Partners, LLC is also listed as an unsecured creditor.

On November 12, 2013, creditor 72 Partners, LLC filed a Motion for Relief From Automatic Stay and/or for Adequate Protection (Doc. #16-9) seeking to lift the automatic stay and foreclose on its $4,267,436.71 Uniform Final Judgment of Mortgage Foreclosure issued by the Twelfth Judicial Circuit Court, in and for Sarasota County, Florida.  On December 9, 2013, finding no objection, the Bankrupt Court granted relief from the stay to allow 72 Partners, LLC to foreclose on its liens.  Subsequently, debtors moved to vacate the order granting relief from the stay, and the U.S. Trustee also separately moved for expedited reconsideration because the real property had sufficient equity to pay secured creditors in full.  (Docs. #16-19; #16-20.)

A hearing on the motions was conducted on March 3, 2014. (Doc. #16-13.)  At the hearing, the Southwest Florida Water Management District appeared to alert the Court that there was a

free-flowing well on the property that reaches 1500 feet down into the Florida aquifer posing a danger of contamination. Joseph Gilberti (Mr. Gilberti)[3] also appeared on the record to state that the well had been capped. The Bankruptcy Court found no credible evidence as to valuation of the property, and set an evidentiary hearing as to valuation. The Bankruptcy Court denied debtors' motion as moot, but granted the Trustee's request for reconsideration and reinstated the automatic stay. (Doc. #16-21; #16-22.)

On April 1, 2014, the Trustee filed an Objection to debtors' claim of a homestead exemption because the real property far exceeded the 160 acre cap allowed under the Florida Constitution. (Doc. #16-25, ¶ 9; Doc. #17-30.) On May 16, 2014, the Bankruptcy Court sustained the objection and directed debtors to surrender any non-exempt assets to the Trustee. (Doc. #17-33.)

On May 29, 2014, the Trustee filed an Amended Motion and Notice of Proposed Compromise of Controversy Between Trustee and 72 Partners, LLC (Doc. #16-26) seeking approval of a proposed compromise that would require 72 Partners, LLC to pay the Trustee $300,000, with $50,000 due immediately into a trust, and release

---

[3] Mr. Gilberti was permitted to speak, file objections, and eventually appear through counsel. At no time did Mr. Gilberti file an actual proof of claim, and the Bankruptcy Court later determined that he likely had no standing based on an interest in property acquired after the recording of a lis pendens. (Doc. #16-17, p. 23.)

its lien on the homesteaded 160 acre portion of the real property, in exchange for a release of the remainder of the real property to 72 Partners, LLC free and clear but without warranties.   The proposal further stated that the stay could be lifted with regard to the remainder of the real property to allow 72 Partners, LLC to pursue its state court remedies, and all defenses and appeal rights of the Trustee and debtors would be waived in the foreclosure action.

On June 23, 2014, debtors filed an Objection (Doc. #16-27) stating that $300,000 was inadequate in light of the true market value of the property, and Joseph Gilberti filed an Amended Objection (Doc. #16-29) indicating that he had appealed the validity of the Final Judgment of Foreclosure in state court for lack of notice and because he was deeded an interest to a portion of the real property, including subsurface mineral rights.   Mr. Gilberti also asserted that a better offer had been made for the property and the proposed compromise under-valued the property.

On July 23, 2014, the Trustee filed a Supplement (Doc. #17-37), essentially responding to the objections, and stating that Mr. Gilberti was given the opportunity numerous times to provide a higher offer and he failed to do so, and that his deed was void. The Supplement further stated that the compromise was reached in part because the tax ramifications for a sale would be in excess of $1.5 million for an initial sale of $6 million, and there was

potential liability to the Southwest Florida Water Management District.  The Trustee also noted that debtors had failed to support their claim that the property was worth more by an appraisal or other evidence.

On July 24, 2014, the Bankruptcy Court held a hearing where Mr. Gilberti raised the issue of an underground spring and a well of significant value that should be included in the 160 acre homestead.  The Bankruptcy Court expressed concerns as to why debtors sought bankruptcy protection and why the estate was essentially being administered for the benefit of the one secured creditor, 72 Partners, LLC.  The hearing was continued for 30 days to allow the parties to consider re-drawing the lines.  (Doc. #16-14.)

On August 27, 2014, the Trustee filed the Second Supplement (Doc. #17-38) indicating that the Trustee and 72 Partners, LLC had reached an agreement to modify the compromise, and had agreed that the well could be included in the homestead.  A proposed survey included the well and buildings owned by debtors.  Mr. Gilberti filed an Amended Objection (Doc. #17-39) which appears to be substantially the same as the previous objection.

At the August 28, 2014 hearing, the Trustee presented a map to reflect the change suggested by the Second Supplement, and to move forward with the compromise.  Counsel for debtors appeared and objected because an investor had stepped forward who would be

entering into a contract with debtors, and the investor would pay off 72 Partners, LLC.  Counsel further stated that debtors would also seek to convert to a Chapter 11, and in doing so acknowledged that the Trustee's attorney's fees and administrative expenses would also have to be paid.  The Court continued to express concerns about the delay, and that other unlisted creditors may have an interest in the property.  The case was continued for another 30 days for the contract with the investor to be effectuated and/or a resolution to be reached with the Trustee. (Doc. #16-15.)

On September 17, 2015, Mr. Gilberti, Gilberti Water Company, LLC and Land Tech Design Group, Inc. filed a Motion for Conversion to Chapter 11 Bankruptcy (Doc. #17-40), and on September 22, 2014, debtors also filed their own Motion to Convert to a Case Under Chapter 11 (Doc. #17-41).

On September 25, 2014, the Bankruptcy Court conducted the continued hearing, and further heard argument on the motions to convert to Chapter 11.  Also raised was a motion to withdraw by debtors' counsel from the last hearing, and a motion to quash by debtors' first and former counsel.  Debtors appeared with a third and new counsel, and therefore the hearing was continued on the motion to quash to allow new counsel to file amended schedules,

and alleviate the need for former counsel to turn over documents. The motion to withdraw by the second counsel was granted.

New counsel stated that there was a buyer who was paying for a proper survey on the property before funds would be escrowed. Once a survey was available, debtors would amend their schedules to give notice to any unsecured creditors and propose a Chapter 11 Plan.  On the issue of conversion, the Trustee argued that it was not an absolute right, and the factors weighed against allowing the conversion.  The sole known and verified secured creditor, 72 Partners, LLC, argued that debtors had no means of paying, and that any conversion would likely come back to a Chapter 7.  Debtors stated that their buyer had made an offer of $3 million for 1400 acres of the property, so the per acre price was better than what the Trustee was proposing, and 72 Partners, LLC could make up the additional million it was owed by selling the remaining acreage.

The Bankruptcy Court summarized the delays since the original petition was filed, the change of counsel three times, the failure to object to the secured creditor's motion for relief from stay, the existence of a final and non-appealable foreclosure judgment by the same secured creditor, the sudden or potential appearance of other unsecured creditors who would share in distribution, and that no signed or pending contract by a buyer had been produced thus far.  The Bankruptcy Court found that the last minute request

to convert to a Chapter 11 was not appropriate under Marrama[4], especially after benefiting from 11 months of protection, and that the compromise proposed by the Trustee should be granted.  (Doc. #16-16.)

On October 3, 2014, the Bankruptcy Court issued an Order Denying Joseph Gilberti & Land Tech Design Group, Inc.'s Motion for Conversion to Chapter 11 Bankruptcy (Doc. #17-44) and Order Denying Debtors' Motion to Convert to a Case Under Chapter 11 (Doc. #17-2) for the reasons stated orally on the record.  On October 7, 2014, the Bankruptcy Court issued an Order Granting Chapter 7 Trustee's Amended Motion and Notice of Proposed Compromise of Controversy Between Trustee and 72 Partners, LLC (Doc. #17-45).

On October 17, 2014, debtors filed a Motion to for Reconsideration (Doc. #17-46), and attached a copy of the $3 million Agreement to Purchase Real Estate originally referenced, and a Vacant Land Contract executed on October 14, 2014 with Flint Family Farms, LLC and Georgiana, LLC to purchase the property for $4,621,000, with $4,596,000 in cash due at closing if the buyer obtains approval for the sale from the Bankruptcy Court.  Attached was an Addendum to Vacant Land Contract providing that the contract was contingent upon the issuance of a final, nonappealable order from the Bankruptcy Court approving the sale and providing for

---

[4] Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 372 (2007).

marketable title unencumbered by any claims, including those of 72 Partners, LLC and Mr. Gilberti.

On October 21, 2014, Mr. Gilberti filed his own Motion for Rehearing/Reconsideration (Doc. #16-10) seeking a rehearing because debtors now had a written agreement, and because the Trustee's proposed compromise was based on a foreclosure judgment containing an inaccurate legal description and subject to his own motion to intervene in the state court.

On November 5, 2014, the Bankruptcy Court heard argument on the motions for reconsideration, and the previously continued motion to quash.  The Bankruptcy Court was notified about the executed contract for purchase, but it remained unclear why an agreement could not be reached to move forward with the sale in the Chapter 7 case rather than converting to a Chapter 11 case. The Bankruptcy Court noted that every objection that debtors or Mr. Gilberti raised had been addressed, but a year later the case still had not moved forward.  Counsel for debtors indicated that the sale could proceed within 15 days.

The Trustee responded that the serious tax consequences meant that the property would have to sell for $6 or $7 million in order to pay the taxes as well as 72 Partners, LLC in full, and there was no indication that a buyer would pay that amount for the property.  The Trustee suggested that conversion would be futile, and it would need to be a structured dismissal.  Counsel for

debtors agreed that the property could not be "sold" through the Chapter 7, but that everyone would gain through a Chapter 11 if the Bankruptcy Court granted a motion to sell free and clear of liens that have attached to the property, most or all filed by Mr. Gilberti post-petition.

Counsel for 72 Partners, LLC indicated to the Court that the compromise reached with the Trustee had already been fulfilled, and served to achieve the same result that this pending contract would try to achieve, and in fact would leave 160 acres for debtors.  72 Partners, LLC further stated that the Trustee had already handed over the deed to the property, and that 72 Partners, LLC had incurred considerable expense by recording the deed. Also, counsel stated that the Trustee was paid the $300,000 and 72 Partners, LLC has since secured the property and learned that debtors had been receiving payment from sod companies who were stripping the property of sod and that there were hunting leases for the property for which debtors have been receiving money.

There was some argument by counsel for Mr. Gilberti that the inaccuracy of the legal description for the property requires the foreclosure process to start over because the final judgment would be void.  The Bankruptcy Court noted that Mr. Gilberti had never filed a proof of claim in the Chapter 7 case, and would not otherwise have standing in the foreclosure proceedings to

intervene under Florida law.[5]   In the end, finding that the settlement had already been consummated, the Bankruptcy Court found that debtors were in at least as good a position with the Trustee's compromise as they would be if they closed on the contract with the purchaser.   (Doc. #16-17.)   On November 18, 2014, the Bankruptcy Court denied both motions for reconsideration.   (Docs. #16-11; #17-13.)

On December 8, 2014, debtors filed their Notice of Appeal (2:15-cv-29-FTM-29, Doc. #1-1) from the Order granting the amended compromise and denying reconsideration of the same; and, debtors also filed an Amended Notice of Appeal (2:15-cv-35-FTM-29, Doc. #1-1) from the Order denying conversion to Chapter 11, as well as the Order denying reconsideration.

On February 27, 2015, the Court granted appellants an extension of time to supplement the record on appeal and to file a statement of issues with the Bankruptcy Court for transmittal. (Doc. #11.)   On March 19, 2015, the Court issued an Opinion and Order (Doc. #15) denying appellee's request to dismiss the appeal and allowing for a second transmittal of the record on appeal.   On

---

[5] Argument was presented an exception existed where the legal description of the land was inaccurate, but the issue was not before the Bankruptcy Court.

March 30, 2015, the Court received the amended designations of the record.

### III. *Appeal*

The three issues on appeal are (1) whether the Bankruptcy Court properly denied debtors the right to convert to a Chapter 11 case; (2) whether the Bankruptcy Court could approve the Trustee's settlement with a secured creditor over objections; and (3) whether the second issue was rendered moot by the Trustee and creditor having already consummated the settlement.

#### *(1) Conversion to Chapter 11*

Under the Bankruptcy Code, a debtor "may convert a case under this chapter to a case under chapter 11" at any time if the case has not previously been converted and debtor qualifies as a debtor under such chapter. 11 U.S.C. §§ 706(a), (d).  The right to convert is expressly conditioned on the ability to qualify as a debtor under Chapter 11.  Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 372 (2007).  "The decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest."  In re Gordon, 465 B.R. 683, 692 (Bankr. N.D. Ga. 2012) (quoting S. REP. NO. 95–989, at 940 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5880).  There are no set factors to consider for conversion to a Chapter 11 case, however, some factors considered by the Bankruptcy Courts include: (1)  the  futility  of  conversion  or  absence  of  grounds  for

reconversion; (2) whether a confirmable plan is proposed; (3) the purpose for the conversion, including if only to liquidate; (4) whether it furthers the goals of the Bankruptcy Code and benefits all parties involved; and (5) the debtor's ability to repay the debt. Id.; In re Hardigan, 517 B.R. 379, 383-84 (S.D. Ga. 2014).

At the September 25, 2014 Hearing, the Bankruptcy Court specifically found that debtors had enjoyed 11 months of protection with no resolution and a steady change of counsel; that the secured creditor sought and obtained relief from the automatic stay without objection from the debtor, and that there existed a final state court judgment of foreclosure in said creditor's favor; and that even months after the original compromise had been proposed, there was still no valid offer of purchase presented; and there could be unidentified unsecured creditors to share in distribution. (Doc. #16-16, pp. 12, 23, 26.) The Bankruptcy Court found Marrama was controlling, that debtors were not able to present any alternative after so many months, and that conversion to a Chapter 11 case would be a lengthy process. (Id., pp. 25-26.) The Bankruptcy Court did not find that conversion should be denied because the case was "too old to convert", and made no findings of fraud. (Doc. #18, pp. 8, 10.) The matter was continued to allow for verification of any additional creditors.

At the November 5, 2014 Hearing, the Bankruptcy Court stated:

> I don't know why the Daughtreys would need to
> go through a Chapter 11. I don't understand

> that concept. If they have a buyer ready,
> willing and able to close on the property for
> $4.621 million, then tell us what the closing
> date is and work it out.

(Doc. #16-17, p. 12.)  The Bankruptcy Court noted that she was not
being told that a Plan would in fact be filed within a certain
timeline, and the Trustee's counsel had incurred reimbursable
expenses that would have to be paid.  (Id., pp. 12-13.)  The
Trustee was willing to step back and take no position if debtors
could in fact close within 15 days, pay all fees and costs, and
both 72 Partners, LLC and the $2,900 unsecured creditor in full.
(Id., pp. 13-14.)  Counsel for the Trustee noted that the purchase
offer would have to be considerably higher to cover the tax
consequences on the inherited land.  (Id., p. 17.)  After
discussion of the tax liability, the Bankruptcy Court noted that
the Trustee's proposal would be a compromise without a sale, and
therefore debtors could avoid the tax consequences.  (Id., p. 17.)
Counsel for 72 Partners, LLC pointed out that it had already
secured the property and recorded the deed at considerable expense,
and that the Trustee's proposal had been fully consummated.  (Id.,
pp. 20-21.)

     The Bankruptcy Court noted that debtors would receive their
160 acres and the well, and if an issue arises with regard to
boundary lines, counsel for 72 Partners, LLC indicated that it
would be corrected.  The Bankruptcy Court concluded that "the
Daughtreys are in as good a position as they would be if they

- 16 -

accepted this -- or if they were able to close on this $4.621 million offer, and they have no tax consequences as a result, which sounds like a win-win to them." (Id., p. 27.) For all of these reasons, the Bankruptcy Court denied conversion and approved the compromise.[6] The Court finds that the factual findings were not clearly erroneous based on what was presented by all interested parties. The Court further finds no abuse of the Bankruptcy Court's discretion by denying conversion based on the findings of fact.

### (2) Mootness

Article III of the United States Constitution restricts the power of federal courts to "Cases" and "Controversies," which must be present through all stages of federal judicial proceedings, including appeal. Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013). While mootness will defeat the case or controversy requirement, "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. SEIU, Local 1000, 132 S. Ct. 2277, 2287 (2012) (citations and quotation marks omitted). See also In re Club Assocs., 956 F.2d 1065, 1069 (11th Cir. 1992). This does not require the

---

[6] The Trustee hints that bad faith existed for the belated request to convert, however the Bankruptcy Court made no specific findings of bad faith. As no bad faith was found, and bad faith is not required to deny conversion, the Court will not address the issue in the first instance on appeal.

ability to return the parties to the *status quo ante,* but only requires the possibility of a partial remedy.   <u>Church of Scientology v. United States</u>, 506 U.S. 9, 12-13 (1992); <u>Chafin</u>, 133 S. Ct. at 1023; <u>FTC v. Phoebe Putney Health Sys., Inc.</u>, 133 S. Ct. 1003, 1009 n.3 (2013).

At the November 5, 2014 Hearing, counsel for 72 Partners, LLC pointed out that it had already secured the property and recorded the deed at considerable expense, and that the Trustee's proposal had been fully consummated.  (Doc. #16-17, pp. 20-21.)  In this case, if in fact debtors could produce a buyer willing to pay sufficient funds to cover the resulting taxes, fees and expenses of the Trustee and counsel, pay both secured and unsecured creditors, and clear the liens imposed by Mr. Gilberti, there would remain a possibility of some remedy despite consummation of the settlement.  Therefore, the appeal is not moot.

### (3)  *Compromise of Claim*

Under the Bankruptcy Code, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount

> interest of the creditors and a proper
> deference to their reasonable views in the
> premises.

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990)

(citations omitted). The Bankruptcy Court's approval of a

settlement agreement is reviewed for abuse of discretion, and

consideration of the Justice Oaks factors need not be explicit.

In re Chira, 567 F.3d 1307, 1313 (11th Cir. 2009).

Contrary to debtors' position, the Court finds that these

factors were considered. A recurring issue was the tax

consequence if debtors were to sell the property to a potential

buyer, rather than proceeding under the proposed settlement.

Although debtors eventually produced a buyer, the agreement was

for less than the whole property, for an amount less than would be

available to pay the creditors, and the sale would have been

subject to an enormous tax consequence. The Bankruptcy Court

noted the lack of a better option than the settlement agreement,

and therefore implicitly found an unlikelihood of success. The

Bankruptcy Court also found that the alternative, conversion to a

Chapter 11 case, would be lengthy and result in no better a

conclusion than with the settlement agreement. In the end, in

light of the final foreclosure judgment and the apportionment of

160 acres of land, including the desired well, the Bankruptcy Court

found approval of the settlement agreement was in the best interest

of the secured creditor and debtors.   The Court finds no abuse of discretion.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The request for oral arguments is **denied**.

2. The Order Denying Debtors' Motion to Convert to a Case Under Chapter 11 and Order Denying Debtors' Motion for Reconsideration of Order Denying Debtors' Motion to Convert to a Case Under Chapter 11 are **affirmed**.

3. The Order Granting Chapter 7 Trustee's Amended Motion and Notice of Proposed Compromise of Controversy Between Trustee and 72 Partners, LLC and Order Denying Joseph Gilberti & Land Tech Design Group, Inc.'s Motion for Reconsideration of Order Granting Motion and Notice of Compromise of Controversy Between Trustee and 72 Partners, LLC are **affirmed**.

4. The Clerk shall enter judgment accordingly, transmit a copy of this Opinion and Order to the Clerk of the Bankruptcy Court, electronically or otherwise, and close both files.

**DONE and ORDERED** at Fort Myers, Florida, this   23rd   day of September, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Caryl E. Delano
Clerk, Bankruptcy Court
Counsel of Record